**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Rapp, | No. CV-18-03460-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Before the Court is a Joint Motion for Order Allowing Plaintiff to File a Second Amended Complaint (Doc. 45) so Plaintiff may amend the caption to recognize that Defendant Pro-Tec Refrigeration, Inc. has changed its name to Prodan Investments, Inc. In the Motion, the parties also state that,

> they believe "Prodan Investments, Inc. formerly known as Pro-Tec Refrigeration, Inc." is and was an Arizona corporation with its principal place of business in Arizona. Therefore, after the various defendants answer Plaintiff's second amended complaint, this case will likely need to be remanded to Arizona state court due to a lack of complete diversity.

(Doc. 45 at 2). The Court declines to rule on the parties' Joint Motion for Order Allowing Plaintiff to File a Second Amended Complaint because it finds that it no longer has jurisdiction over this action.

## DISCUSSION

Defendants removed this case on October 24, 2018 (Doc. 1) on the basis of diversity jurisdiction. (Doc. 1 ¶ 14). At the time of removal, the Complaint identified all named parties as citizens of different states. (*See* Doc. 1-3 ¶¶ 1, 3). On July 29, 2019, Plaintiff

| | |
|---|---|
|1| amended her Complaint to add Pro-Tec Refrigeration, LLC as a Defendant, and alleged |
|2| that Pro-Tec Refrigeration, LLC was a Delaware corporation. (Doc. 30 ¶¶ 5, 6). Now, in |
|3| requesting leave to amend the First Amended Complaint to make a name change to Pro- |
|4| Tec Refrigeration, LLC, the parties state that they "believe Defendant Prodan Investments, |
|5| Inc. formerly known as Pro-Tec Refrigeration, Inc., is and was an Arizona corporation with |
|6| its principal place of business in Arizona." (Doc. 45 at 2; *see also* Proposed Second |
|7| Amended Complaint at Doc. 45-1 ¶¶ 5, 7). A search of the Arizona Corporation |
|8| Commission website confirms the parties' belief and shows that Prodan Investments, Inc., |
|9| formerly known as Pro-Tec Refrigeration, Inc., is domiciled in Arizona. Although the |
|10| parties recognize the amendment to the citizenship of this Defendant will result in a "lack |
|11| of complete diversity" between the parties, they suggest that the Court should wait for the |
|12| "various defendants" to answer before remanding the matter to Arizona state court. They |
|13| do not explain, however, how subsequent answers will cure the present lack of complete |
|14| diversity. |

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). In light of the parties' representations in the pending Motion, the Court cannot continue to exercise jurisdiction over this matter. Accordingly,

**IT IS ORDERED** directing the Clerk of Court to take all necessary steps to **REMAND** this action to the Maricopa County Superior Court in and for the State of Arizona.

///
///
///
///
///

**IT IS FURTHER ORDERED** that the Joint Motion for Order Allowing Plaintiff to File a Second Amended Complaint (Doc. 45) is **TERMINATED** for lack of jurisdiction to resolve.

Dated this 24th day of October, 2019.

Honorable Diane J. Humetewa
United States District Judge